A. H. COOK, ADM'R, v. C. H. JORDAN.

A person who has a claim against the estate of a deceased person has no right
to collect debts due said estate, and apply them to the payment of his own.
In a suit for money so collected, the judgment of the Court should be against
the estate for the debt to be paid in the course of administration, and against
the party who has so collected debts with execution.

Appeal from Calhoun.  Tried below before Hon. F. Jones.

Adams, who was doing a commission and forwarding busi-
ness in Lavaca, died on the 5th October, 1853, indebted, as his
books showed, to Jordan, in the sum of $1215 86.

In September previous, Jordan, according to one of the wit-
nesses, had purchased two-thirds of the warehouse and wharf,
occupied and used by Adams, and there is some proof of a con-
templated co-partnership between Adams and Jordan.

Adams' book-keeper testifies that he was directed by Adams
to open a new set of books on the 1st of October, and to trans-
fer the accounts from the old into the new books.

It does not appear that these new books were opened in the
name of Adams & Jordan, or that the co-partnership was
actually formed.

The accounts involved in this suit were not transferred into
the new books until after Adams' death.  They were then
transferred by the witness, and placed to the debit of Jordan,
for which manner of entering them witness had no special in
structions from Adams.

These accounts, which were for freight due from divers per-
sons on goods received and stored by Adams, were collected
by Jordan, and amounted, as he admits, to $2013 17.

Jordan presented his account to the administrator for allow-
ance, the account showing a balance due from Jordan to the

estate, after satisfying his claims out of the moneys collected by him on the accounts.

The administrator refused to allow the account in this shape, and Jordan brought suit in the District Court to substantiate his claim—to have the moneys in his hands applied in payment of his demand and costs of suit—and to be allowed to pay over the balance to the administrator under the decree of Court.

The jury returned a verdict, finding the indebtedness of Adams, at his death, to Jordan, viz : $1215 86, and the indebtedness of Jordan to Adams, viz : $2013 17 ; whereupon they were instructed by the Court to find the difference between these amounts, and return a verdict for that balance in favor of the estate, which was done, and judgment rendered accordingly.

*Sherwood & Goddard*, with *Stockdale*, for appellant.

*Cunningham & Holt*, for appellee.

WHEELER, J. The evidence did not sustain the plaintiffs averment that the accounts belonging to the estate, which he collected, were assigned or delivered to him by the intestate ; but the contrary. He plainly had no right to collect money belonging to the estate, and apply it to his demand against the estate. Nor could any act of the clerk, after the death of his principal, give him such right. The receipt of the money was admitted by the plaintiff in his petition ; his claim against the estate was fully proved ; and the verdict first returned by the jury was rightly rendered, in accordance with the law and evidence. The law of the case manifestly is, that the plaintiff is entitled to his judgment against the estate for the amount found to be due him by the verdict, to be settled in the due course of administration ; and the administrator is

entitled to judgment against the plaintiff for the amount admitted to have been received, and found to be owing to the estate by him, with execution therefor. The Court, therefore, erred in refusing to receive the verdict, and in directing the jury to find for the defendant the balance due the estate, after deducting the plaintiff's demand. The judgment is, therefore, reversed, and the cause remanded with instructions that the verdict first returned by the jury be recorded, and judgment rendered thereon.

Reversed and remanded.